**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

RUSSELL LAWSON, JR.; BRIAN BURNS; CHRISTOPHER PENTA; SECOND AMENDMENT FOUNDATION, INC.; and GUN OWNERS' ACTION LEAGUE,

*Plaintiffs*,

v.

ANDREA JOY CAMPBELL, in her official capacity as the Massachusetts Attorney General; GINA K. KWON, in her official capacity as the Secretary of the Executive Office of Public Safety and Security;[1] GEOFFREY D. NOBLE, in his official capacity as the Superintendent of the Massachusetts State Police; and JAMISON R. GAGNON, in his official capacity as the Commissioner of the Massachusetts Department of Criminal Justice Information Services,

*Defendants*.

DOCKET NO. 1:25-cv-12268

Chief Judge Denise J. Casper

**JOINT STATEMENT UNDER LOCAL RULE 16.1(D)**

Having conferred pursuant to Fed. R. Civ. P. 26(f) on September 10, 2026, with further consultation thereafter by e-mail, counsel for the above-captioned parties hereby submit this Joint Statement pursuant to Local Rule 16.1(d) in advance of the Scheduling Conference scheduled on September 28, 2026.

1 Gina K. Kwon was appointed as the Secretary of the Executive Office of Public Safety and Security on November 12, 2025, and automatically substituted Terrence M. Reidy, who was sued in his official capacity. Fed. R. Civ. P. 25(d).

## I. Initial Disclosures

Counsel for the Parties have conferred regarding the Initial Disclosures required by Fed. R. Civ. P. 26(a) and have agreed to waive initial disclosures given the nature of the case.

## II. Joint Discovery Plan and Schedule for Motions

The Parties have met and conferred about the deadlines and time frames for the discovery and other pretrial-related events. The Parties agree on the appropriate schedule of deadlines and time frames and thus provide below their proposal for the remaining dates in the pretrial schedule as follows:

1. **Amendments to Pleadings:** Except for good cause shown, no motions seeking leave to add new parties or to amend the pleadings to assert new claims or defenses may be filed after December 31, 2026.

2. **Fact Discovery**: Until April 30, 2027.

3. **Status Conference**: A status conference shall be held as directed by the court.

4. **Expert Discovery**: The parties do not anticipate expert discovery in this matter.

5. **Dispositive Motions**:

    a. Plaintiff's motions by June 30, 2027.

    b. Defendants' opposition and/or cross motion by August 31, 2027.

    c. Plaintiff's memorandum as both its reply in support of its motion and its opposition to Defendants' cross-motions by September 30, 2027.

    d. Defendants' memorandum as both their reply in support of its cross-motion and its surreply to in opposition to Plaintiff's motion by October 29, 2027.

6. **Initial Pretrial Conference:** An initial pretrial conference will be held

as directed by the court.

7. **Rule 16 Conference:** The parties intend to participate in the Rule 16 conference remotely as previously scheduled by the Court.

8. **Counterclaim of Defendants:** The parties propose that any counterclaims be addressed, if necessary, after the Court's ruling on the parties' motions for summary judgment and/or motion for judgement on the pleadings.

## III. Judicial Assignment under Local Rule 16(b)(3)

Pursuant to Local R. 16.1(b)(3) the Parties' counsel have conferred with respect to whether they will consent to trial before a magistrate judge. The parties wish to have the case heard by a United States District Court Judge.

## IV. Statement under Local Rule 16.1(c)

Defendants have not received settlement proposals from Plaintiffs.

## V. Local Rule 16.1(d)(3) Certifications

The parties do not believe that alternative dispute resolution programs, such as those outlined in Local Rule 16.4, would be productive or likely to resolve the issues in dispute. The parties agree that there is no need for a conference establishing a budget for the costs of conducting the full course and various alternative courses of the litigation.

Respectfully submitted,

ANDREA JOY CAMPBELL, in her official capacity as the Massachusetts Attorney General; GINA K. KWON, in her official capacity as the Secretary of the Executive Office of Public Safety and Security of Massachusetts; GEOFFREY D. NOBLE, in his official capacity as the

RUSSELL LAWSON, JR.; BRIAN BURNS; CHRISTOPHER PENTA; SECOND AMENDMENT FOUNDATION, INC.; and GUN OWNERS' ACTION LEAGUE,

by their attorneys,

Superintendent of the Massachusetts State Police; and JAMISON R. GAGNON, in his official capacity as the Commissioner of the Massachusetts Department of Criminal Justice Information Services,

by their attorneys,

ANDREA JOY CAMPBELL
ATTORNEY GENERAL

/s/ *Konstantin Tretyakov*,
Konstantin Tretyakov
BBO No. 698430
Assistant Attorney General
Office of the Attorney General
Government Bureau
One Ashburton Place
Boston, MA 02108
(617) 963-2827
konstantin.n.tretyakov@mass.gov

Date: September 21, 2026

Jason A. Guida (BBO# 667252)
Principe & Strasnick, P.C.
17 Lark Avenue
Saugus, MA 01906
Office: (617) 383-4652
jason@lawguida.com

/s/ *Raymond M. DiGuiseppe*
Raymond M. DiGuiseppe*
The DiGuiseppe Law Firm, P.C.
116 N. Howe, Suite A
Southport, NC 28461
Office: (910) 931-0723
rmd@dlfpc.org
*Admitted Pro Hac Vice*

**CERTIFICATE OF SERVICE**

I certify that this document, filed through the Court's ECF system on September 21, 2026, will be sent electronically to registered participants and that copies will be sent to non-registered participants by mail.

/s/ *Konstantin Tretyakov*
Konstantin Tretyakov
Assistant Attorney General

Dated: September 21, 2026